

**U.S. Department of Justice**

*United States Attorney*

*District of New Jersey*

scanned 10/31/07
C1
10/31/07
RBK

---

*William E. Fitzpatrick*
*Deputy U.S. Attorney*

CAMDEN FEDERAL BUILDING and
UNITED STATES COURTHOUSE
401 Market Street, 4th Floor
P.O. Box 2098
Camden, NJ 08101

856/757-5026
FAX 856/968-4917

October 22, 2007

Richard Coughlin, Esquire
Federal Public Defender
800 -840 Cooper Street
Suite 350
Camden, NJ 08053

CR# 07-459

Re:  Plea Agreement with Agron Abdullahu

Dear Mr. Coughlin:

This letter sets forth the plea agreement between your client, Agron Abdullahu, and the United States Attorney for the District of New Jersey ("this Office"). This offer will remain open until October 30, 2007, and, if an executed agreement is not received in this Office on or before that date, this offer will expire.

Charge

Conditioned on the understandings specified below, this Office will accept a guilty plea from Agron Abdullahu to a one-count superseding information, Criminal No. 07-459 (RBK), which charges the defendant with conspiring with Dritan Duka, Eljvir Duka, Shain Duka, Serdar Tatar, and others, to commit an offense against the United States, namely, the possession, in and affecting commerce, of firearms and ammunition, by aliens who were illegally and unlawfully in the United States, contrary to 18 U.S.C. § 922(g)(5), in violation of 18 U.S.C. § 371. If Agron Abdullahu enters a guilty plea and fully complies with all of the terms of this agreement, at the time of sentencing in this matter, this Office will move to dismiss count 5 of the original indictment, Criminal No. 07-459 (RBK), against Agron Abdullahu. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, defendant agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Agron Abdullahu may be commenced against him, notwithstanding the expiration of the limitations period after Agron Abdullahu signs the agreement.

Sentencing

The violation of 18 U.S.C. § 371 to which Agron Abdullahu agrees to plead guilty carries a statutory maximum prison sentence of 5 years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any person derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victim of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Agron Abdullahu is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Agron Abdullahu ultimately will receive.

This Office specifically reserves the right to seek or argue for any reasonable sentence within the statutory range, up to and including the statutory maximum term of imprisonment and the maximum statutory fine. Similarly, Agron Abdullahu specifically reserves the right to seek or argue for any reasonable sentence within the statutory range.

Further, in addition to imposing any other penalty on Agron Abdullahu, the sentencing judge: (1) will order Agron Abdullahu to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order Agron Abdullahu to pay restitution pursuant to 18 U.S.C. §§ 3663 et seq.; (3) may order Agron Abdullahu, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offense; and (4) pursuant to 18 U.S.C. § 3583 may require Agron Abdullahu to serve a term of supervised release of not more than 3 years, which will begin at the expiration of any term of imprisonment imposed. Should Agron Abdullahu be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Agron Abdullahu may be sentenced to not more than 2 years' imprisonment in addition to any prison term previously imposed,

regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

### Rights of this Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Agron Abdullahu by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Agron Abdullahu's activities and relevant conduct with respect to this case.

### Rights of This Office Regarding Post-Sentencing Proceedings

This Office specifically reserves the right to file, oppose, or take any position in any appeal, collateral attack, or proceeding involving post-sentencing motions or writs.

### Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Agron Abdullahu. This agreement does not prohibit the United States, any agency thereof (including Immigration and Customs Enforcement), or any third party from initiating or prosecuting any civil or administrative proceeding against Agron Abdullahu.

## No Other Promises

This agreement constitutes the plea agreement between Agron Abdullahu and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

CHRISTOPHER J. CHRISTIE
United States Attorney

By: Michael A. Hammer, Jr.
Assistant U.S. Attorney

APPROVED:

William E. Fitzpatrick
Deputy United States Attorney

I have received this letter from my attorney, Richard Coughlin, Esquire, I have read it, and I understand it fully. I hereby accept the terms and conditions set forth in this letter and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

AGREED AND ACCEPTED:

Agron Abdullahu                              Date: 10/24/07

Richard Coughlin, Esquire                    Date: 10/24/07
Counsel for Mr. Abdullahu

- 4 -