**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| v. | No. 07-cr-00459-5 |
| **SERDAR TATAR**, | **ORDER** |
| *Defendant*. | |

**O'HEARN, District Judge.**

**THIS MATTER** comes before the Court by way of Defendant's Motion for Reduction of Sentence Under the First Step Act, 18 U.S.C. § 3582(c)(1)(A). (ECF No. 584); and

**WHEREAS**, on December 22, 2008, a jury found Defendant guilty of conspiracy to murder American armed service members, in violation of 18 U.S.C. §§ 1114 and 1117. (ECF No. 371); and

**WHEREAS**, on April 29, 2009, the Honorable Robert B. Kugler (Ret.) sentenced Defendant to 396 months in prison.[1] (ECF No. 427). The Court of Appeals affirmed Defendant's conviction and sentence on December 28, 2011. *United States v. Duka*, 671 F.3d 329 (3d Cir. 2011); and

**WHEREAS**, Defendant previously filed a motion for compassionate release under § 3582(c)(1)(A) on June 19, 2020, (ECF Nos. 489–490), which was denied by Judge Kugler on November 2, 2020, (ECF Nos. 497–98); and

**WHEREAS,** "a defendant seeking a reduction in his sentence under the First Step Act 'bears the burden of satisfying both that he has (1) exhausted remedies before seeking judicial

---

[1] This matter was thereafter reassigned to the undersigned. (ECF No. 566).

review,[2] and (2) that compelling and extraordinary reasons exist to justify compassionate release.'"

*United States v. McNair*, 481 F. Supp. 3d 362, 365 (D.N.J. 2020) (citations omitted); and

**WHEREAS,** if the court finds that extraordinary and compelling reasons warrant a reduction at the second step, the court may reduce an inmate's sentence pursuant to § 3582(c)(1)(A) if the reduction is consistent with applicable policy statements issued by the Sentencing Commission and warranted by the applicable sentencing factors under § 3553(a). *United States v. Balter*, No. 93-536, 2024 WL 2105553, at *3 (D.N.J. May 9, 2024), *aff'd*, No. 24-1988, 2024 WL 4274350 (3d Cir. Sept. 24, 2024); and

**WHEREAS,** the § 3553(a) factors to be considered by the Court are: "(1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and sentencing range established for the defendant's crimes; (4) pertinent policy statements issued by the United States Sentencing Commission; (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense." *United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020) (citations omitted); and

**WHEREAS,** Defendant argues that the following circumstances constitute extraordinary and compelling reasons warranting a reduction in his sentence: (1) that his 396-month sentence for conspiracy to murder under § 1117 is disproportionately severe compared to sentences imposed in

---

[2] Because there is no dispute that Defendant has exhausted his administrative remedies, (Gov't Opp., ECF No. 602 at 35 n.9), the Court's analysis is confined to whether extraordinary and compelling reasons exist to justify compassionate release.

other terrorism sting cases; (2) that the sentencing court found him less culpable than his co-defendants and questioned whether he shared their ideological motivations; (3) that he has demonstrated substantial rehabilitation during more than eighteen years of incarceration, including educational and vocational programming, institutional employment, and a largely minimal disciplinary record in recent years; (4) that he has endured unusually harsh conditions of confinement, including approximately two years in restrictive pretrial housing and prolonged lockdown conditions during the COVID-19 pandemic; and (5) that he will be deported to Turkey upon release and is needed to assist his elderly parents, particularly his mother following major heart surgery. (ECF No. 584 at 2, 16–31); and

**WHEREAS**, the Government opposes Defendant's motion, arguing that: (1) Defendant has failed to establish extraordinary and compelling reasons warranting a sentence reduction because his asserted family circumstances do not satisfy the criteria set forth in U.S.S.G. § 1B1.13; (2) he likewise fails to demonstrate that any combination of the remaining factors he identifies qualifies as an "extraordinary and compelling" reason under the catchall provision of § 1B1.13(b)(5) because they are not comparable in gravity to the circumstances identified in § 1B1.13(b)(1)–(4). (Gov't Opp., ECF No. 602 at 37–56). Additionally, the Government maintains that the factors set forth in 18 U.S.C. § 3553(a) continue to weigh overwhelmingly against any reduction in sentence. (*Id.* at 57–61); and

**WHEREAS,** as to Defendant's first argument, the Court agrees with the Government that the duration of a lawfully imposed sentence does not itself constitute an extraordinary and

compelling reason for compassionate release.[3] *See United States v. Andrews*, 12 F.4th 255, 260–61 (3d Cir. 2021); and

**WHEREAS,** as to Defendant's second argument—that he lacked any ideological motivation for participating in the conspiracy—the Government correctly observes that the trial record contradicts this claim, as recorded conversations introduced at trial reflect Defendant's participation in discussions endorsing violent jihad and preparing for armed action. (Gov't Opp., ECF No. 602 at 52–53). Additionally, even accepting Defendant's characterization of his motives, the absence of ideological fervor was already taken into account by Judge Kugler at the time of sentencing in determining the appropriate sentence; and

**WHEREAS,** as to Defendant's third argument, Defendant's rehabilitative efforts—while commendable—do not rise to the level of extraordinary and compelling circumstances necessary to satisfy the demanding standard for compassionate release. *See* 28 U.S.C. § 994(t); *United States v. Cutler*, No. 93-536-2, 2022 WL 16695109, at *4 (D.N.J. Nov. 3, 2022) (citations omitted); and

---

[3]    Defendant argues that the Government misreads *United States v. Andrews*, and that subsequent developments—including the Sentencing Commission's 2023 amendments to U.S.S.G. § 1B1.13 and the Third Circuit's decision in *United States v. Rutherford*, 120 F.4th 360 (3d Cir. 2024)—limit *Andrews* to the specific context of nonretroactive changes to 18 U.S.C. § 924(c). (Def.'s Reply, ECF No. 608 at 7–10). According to Defendant, *Andrews* therefore does not foreclose a court from considering arguments about the circumstances leading to a defendant's sentence under the catchall provision of § 1B1.13(b)(5). The Court is not persuaded. *Andrews* squarely held that "[t]he duration of a lawfully imposed sentence does not create an extraordinary or compelling circumstance," 12 F.4th at 260–61, and courts within this Circuit continue to rely on that principle in evaluating compassionate release motions. *See, e.g., United States v. McNeill*, No. 06-373, 2025 WL 2173290, at *3–7 (W.D. Pa. July 31, 2025) (applying *Andrews* to reject arguments based on sentencing disparities and the length of a lawful sentence). *Rutherford* did not disturb that general rule; rather, it addressed only whether the Sentencing Commission could authorize relief based on certain nonretroactive changes to § 924(c). 120 F.4th at 376–77. In any event, even assuming courts retain discretion to consider arguments about sentencing circumstances under § 1B1.13(b)(5), Defendant has not demonstrated circumstances of comparable gravity to those identified in § 1B1.13(b)(1)–(4).

**WHEREAS,** as to Defendant's fourth argument, the Court previously considered this argument in ruling on his first motion for compassionate release and determined in November 2020 that those circumstances did not constitute extraordinary and compelling reasons warranting a sentence reduction.[4] (ECF No. 497 at 3–7). Defendant simply rehashes these same arguments previously rejected and this Court sees no reason to disturb Judge Kugler's well-reasoned conclusion; and

**WHEREAS,** finally, as the Government correctly notes, Defendant has not established extraordinary and compelling family circumstances under U.S.S.G. § 1B1.13(b)(3)(C) because the record does not show either that his mother is incapacitated within the meaning of the Guideline or that Defendant is the only available caregiver, given that his father resides with her and Defendant has not adequately shown that no other family members are able to provide care. (*See* Gov't Opp., ECF No. 602 at 37–39); and

**WHEREAS,** moreover, this Court already considered the factors enumerated in § 3553(a) in denying Defendant's first motion for compassionate release, finding that Defendant committed an extremely serious offense and that the § 3553(a) factors—including the need to reflect the seriousness of the crime, afford adequate deterrence, and protect the public—continued to weigh strongly against a sentence reduction, particularly given that Defendant had served less than half of his thirty-year sentence and played a significant role in the conspiracy by providing a map of Fort Dix and affirming his participation in the plot. (ECF No. 497 at 7–8); and

**WHEREAS,** nothing has changed with respect to the § 3553(a) factors that would warrant a different result since the Court's prior ruling; therefore

---

[4] Indeed, Judge Kugler reached that conclusion in November 2020 while the COVID-19 pandemic was ongoing and institutional conditions were, if anything, more extraordinary and compelling than those Defendant now describes.

**IT IS** on this 11th day of May, 2026,

**ORDERED** that Defendant's Motion for Reduction of Sentence Under the First Step Act,

(ECF No. 584), is **DENIED**.

**CHRISTINE P. O'HEARN**
**United States District Judge**